The opinion of the court was delivered by
Tilghman, C. J.
This is an -action of debt, brought by John Williams., the plaintiff below and defendant in error, against James Jl. Hill, a justice of the peace for the county of Susquehanna, for the penalty of fifty pounds, for marrying his son, an infant, called Palmer Williams, to a certain Electa Nickerson, without the *288 knowledge or consent of the plaintiff, contrary to the act of assembly, entitled, “A supplement to the act for the préventing clandestine marriages,” passed the 14th of February, 1729-30, 1 Sm. L. 180. The fact was, that both Palmer Williams and Electa Nickerson were infants at the time of the marriage; and before the commencement of this suit, the 'father of Electa Nickerson had brought an action against the defendant, and recovered of bim the penalty of fifty pounds; so that the question is, whether, under the act of assembly, the defendant is liable to two penalties of fifty pounds. By the original act, passed'in the year 1700, 1 Sm. L. 21, to which the act which inflicts the penalty of fifty pounds is a supplement, if any person should presume to marry, or be a.witness to any marriage, without a previous publication of the intent to marry, the person married was subject to a forfeiture of.twenty poundsj to the proprietary and governor, and every witness present at such marriage,- to a forfeiture of five pounds, and to damages to the party grieved, to be recovered in any court of record. The supplement recites, that the original act “had been very much eluded, by reason that no proper penalty is, by the said law, imposed on the justice of peace, or other persons, marrying, or joining in marriage any persons, contrary to the intent and meaning of the said act.” The first section enacts, that no justice shall sign his name to the publication of any marriage, unless at least one of the persons intended to be married, lives in the county where the justice dwells, “and unless such justice shall likewise have Grst produced to him, a certificate of the consent of the parent or parents, guardian or guardians, master or mistress of the persons whose names or banns are to be so published, if either of the parties be under the age of twenty-one years, or under the tuition of their parents, or be indented servants.” And, by the second section, “ if any justice Of the peace shall take upon him to join in marriage any person or persons, or if any justice of the peace shall be present at, and subscribe his name as a witness to any marriage, without such publication being first made as aforesaid, every justice of the peace so offending shall, for every such offence, forfeit the sum of fifty pounds, to be recovered in any court of record, by the person or persons grieved, if they will sue for the same.” The third section contains a proviso, in the casé of persons who shall be married according to the ceremonies of the religious societies to which they belong, not affecting the present question. It appears to me, that the act of the justice in marrying any7 persons, or signing his name to the publication of their names, contrary to the provisions of the law, is the offence on which the penalty is inflicted, and that this is but one offence, although two persons are joined in marriage, and the parents of each party may be grieved by it. The object of the law was not so much to make a compensation to the injured parents, (for in many cases fifty pounds would be no compensation,) as to deter *289 all persons from being accessary to these clandestine marriages. For this purpose a certain penalty was thought to be the best remedy, and a penalty in money being inflicted, no person was so proper to receive it as the party grieved, if he tho'ught it advisable to sue for it. But, if he declined suing for the penalty, I see nothing to hinder him from suing for damages under the original act. Penal laws should be held to a strict construction, and it certainly would require very clear expressions to double the penalty. The argument in favour of a double penalty, is founded on the expressions in the second section, “ he shall forfeit the sum of fifty pounds, to be recovered by the person or persons grieved.” But what is to be recovered? The sum of fifty pounds, and no more, for no other sum is mentioned. The word “persons” is often applicable to one party. For instance, a minor may have several guardians, or several masters who are in partnership. In such cases, all the guardians, or both the masters, may bring suit as one party. But if the word persons is applied to a case like the present, where the parents of both man and woman are grieved by the marriage, it is much more reásonable to say that both may join in the action and share the penalty, than that the justice shall pay one hundred pounds, where the law has said that he shall pay fifty pounds. In the case of Jones v. Estis, 2 Johns. 379, it is said, that a penalty cannot be raised by implication, but must be expressly created and imposed. And, in another case, Washburn qui tam v. M‘Elroy, the strong inclination of the Supreme Court of New York against multiplying penalties, is manifested. It was enacted, by a statute of New York, that if any person shall sell spirituous liquors by retail, without a license, or if any person shall sell, &c , to be drunk at his house, without having entered into a recognizance, (such as is prescribed) every person who shall be guilty of either of the offences aforesaid, shall, for each offence, forfeit twenty-five dollars. It was held, that only one penalty of twenty-five dollars could be incurred for each of these two of-fences, although it was proved that the offender had sold spirituous liquor’s to five several persons, at several times. But my opinion, in the present case, is not founded so much on authorities, as on the intent of the act of assembly, which, after all, must govern us. The joining two persons in matrimony is but one act, and one of-fence, on which only one penalty of fifty pounds was intended to be imposed. The judgment of the Court of Common Pleas, therefore, which was in favour of the plaintiff, was erroneous and should be reversed.
Judgment reversed.